UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH ) | | CASE NO. 5:09 MC 117 |
| OF FAIR FINANCE, FAIR FINANCIAL, ) | | |
| OBSIDIAN ENTERPRISES, AND ) | | JUDGE SARA LIOI |
| TIMOTHY S. DURHAM, ) | | |
| ) | | |
| ) | | |
| ) | | **ORDER** |
| ) | | |
| ) | | |
| ) | | |

Before the Court is the Interim Report and Recommendation ("R&R") with respect to the government's motion for leave to re-file a declaration, in support of its opposition to the motion to unseal documents, as an *ex parte* document for *in camera* review only by the Court. (Doc. No. 14.) The movants have filed their objections to the R&R (Doc. No. 30) and the government has filed its response (Doc. No. 31). The R&R recommends that this Court grant the government's motion to re-file and then allow the movants sufficient time to file a reply brief with respect to their original motion to unseal.

For the reasons and to the extent set forth below, pursuant to Fed. R. Civ. P. 72(b)(3), the R&R is accepted. Motion No. 14 is granted. The movants will have until April 19, 2010 to file a reply to the government's opposition (Doc. No. 11) to the amended motion to unseal (Doc. No. 4).

## I. BACKGROUND

This miscellaneous matter was initiated on December 17, 2009 when movants Akron Beacon Journal and Indianapolis Star filed a motion for an order to unseal all documents

1

relating to the search warrants executed in connection with the search of Fair Finance, Fair Financial, Obsidian Enterprises, and Timothy S. Durham (collectively, "Fair Finance"). (Doc. No. 1.) On January 4, 2010, the motion was amended by adding movants Indianapolis Business Journal and The Wall Street Journal. (Doc. No. 4.) Akron Beacon Journal, Indianapolis Star, Indianapolis Business Journal, and The Wall Street Journal are hereafter referred to collectively as "movants" or "Newspapers" and their amended motion is referred to as "the initiating motion."

In the initiating motion, the Newspapers assert that hundreds of elderly investors in Akron, Ohio are worried that they have fallen victim to a Ponzi scheme allegedly perpetrated by Fair Finance, a business now based in southern Indiana. They seek an order unsealing the search warrants, and all related documents, in the ongoing federal criminal investigation.[1] These warrants were executed by federal officers on November 24, 2009 at the Indianapolis office of Obsidian Enterprises, Inc., owned by Mr. Durham, and the Akron offices of Fair Finance.

Initially, following the execution of the warrants and apparent seizure of the companies' business records and computers, a criminal complaint was filed aimed at seizing the property owned by Mr. Durham; however, that criminal complaint was withdrawn about a week later leaving, according to the motion, "no active legal action and nothing to assuage the anxious investors, only a curious public [including the Newspapers] demanding answers." (Doc. No. 4 at 4.)

After the Newspapers filed their motion seeking to unseal the search warrant records, the government moved for leave of Court to make limited disclosure of information

---

[1] "The Newspapers believe that documents in this case include "applications for search warrants, search warrants, affidavits in support of search warrants, inventory of confiscated goods, and perhaps other documentation." (Doc. No. 4, at 4 n.1.)

regarding: (1) the court's entry of a sealing order; (2) the government's return of the search warrant to the court; (3) the court's delivery of the search warrant documents to the clerk; (4) the clerk's maintenance of the sealed search warrant documents in accordance with the court's order; and (5) the clerk's maintenance of records regarding the sealed search warrant documents. (Doc. No. at 8, at 2.) The government's motion for limited disclosure was granted and the government thereafter filed its opposition to the initiating motion. This opposition (Doc. No. 11) was originally supported by a sealed declaration containing the disclosures (Doc. No. 12); however, the day after the opposition and supporting declaration under seal were filed, the government moved to withdraw the declaration so as to re-file it as an *ex parte* document for review *in camera* only. (*See* Doc. No. 13.) The motion to withdraw was granted and the sealed declaration (Doc. No. 12) was withdrawn. Before the order granting withdrawal was even resolved, the government submitted the motion to re-file (Doc. No. 14) that is the subject of the instant R&R. The motion to re-file was fully briefed and the magistrate judge scheduled a hearing.

Up until the hearing was scheduled, Magistrate Judge Pearson was handling the case for reasons that are not clear from this record; the Court can only infer that she was involved in the initial issuance of the search warrants that were executed in Akron, Ohio, and that this case mistakenly went to her on some sort of relatedness basis. On February 2, 2010, the government filed a Notice of Potential Jurisdictional Defect (Doc. No. 20), pointing out that the case had not yet been assigned to a district judge who would, in turn, authorize pre-trial proceedings by a randomly-assigned magistrate judge. Thereafter, the case was assigned to the undersigned district judge and, by random draw, Magistrate Judge Limbert was assigned to assist on the case. Magistrate Judge Pearson engaged in no further activities in the case and the hearing which she had scheduled was cancelled. (*See* Doc. No. 22.)

The undersigned then referred the case to Magistrate Judge Limbert for an R&R. Magistrate Judge Limbert issued the interim R&R, which is now fully at issue. There has been no R&R with respect to the initiating motion.

## II. DISCUSSION

The R&R analyzed the government's request to re-file its agent's declaration under seal and solely for *in camera* inspection as follows: (1) generally, relying on decisions of other courts, and placing considerable weight on the belief that Magistrate Judge Pearson had reviewed the declaration prior to ruling that it should be sealed; (2) on the basis of the first amendment; and (3) on the basis of the common law right of public access.

As to the first basis for recommending that the motion to re-file be granted, the Magistrate Judge noted that the government had stated at the hearing that the agent's declaration will provide an update regarding the ongoing criminal investigation and will explain how disclosure of the information would negatively impact and impede that investigation. The R&R places weight on the fact that Magistrate Judge Pearson had reviewed the declaration; however, that is a mistaken belief, as the record reflects that she did not review it prior to ordering it sealed. (*See* Notice of Hearing, Doc. No. 17.) Therefore, this Court rejects the R&R's finding that Magistrate Judge Pearson reviewed the declaration now sought to be re-filed. That mistaken finding, however, does not change the Court's ruling.

As to the second and third bases for the R&R's conclusion that the government's motion should be granted (i.e., the right of access under both the first amendment and the common law), this Court finds itself in the position of having to apply the very same law that must be applied to resolve the initiating motion, a matter which is not yet at issue. Although "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records

4

and documents, including judicial records and documents[,]" *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (U.S. 1978) (footnotes omitted),[2] the right "is not absolute." *Id*. at 598. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. at 599 (footnote omitted). The court should "weigh[ ] the interests advanced by the parties in light of the public interest and the duty of the courts." *Id*. at 602 (footnote omitted).

At this juncture, without yet exhaustively examining the first amendment and/or common law right of access that will govern the ultimate determination of the initiating motion, the Court is of the view that the R&R should be accepted insofar as it recommends permitting the government to re-file the declaration in support of Doc. No. 11 under seal and for *in camera* review. However, until the Court has an opportunity to conduct that *in camera* review, it cannot state whether there is need to protect the information and/or whether there is a less restrictive means available to do so. *See, e.g.*, *Moore v. Wilson*, No. 5:07cv0537, 2008 WL 3852141, at * 3 (N.D. Ohio Aug. 18, 2008) ("[a]n affidavit used to obtain a search warrant may be sealed when there is a compelling governmental interest in doing so and no less restrictive means are available[ ]") (citing *In re Search Warrant for 2934 Anderson Morris Road, Niles, Ohio 44406*, 48 F.Supp.2d 1082, 1084 (N.D. Ohio 1999)). Indeed, movants were critical of the fact "that the Magistrate Judge neither reviewed the declaration to assess firsthand whether it meets the criteria of being necessary to protect a compelling governmental interest and whether there is a substantial probability that disclosure would severely compromise the Government's ongoing investigation, nor considered less-restrictive alternatives [. . .]." (Doc. No. 30, at 4.)

---

[2] Although the Supreme Court in *Nixon* recognized in general the common law right of access, the Court observed that the right was not absolute. Ultimately, the Court did not permit public copying of tape recordings submitted into evidence in the underlying criminal trial because Congress had modified the right by way of legislation specifically restricting public access to the Watergate tapes.

The Court is not yet willing to rule that the sealed declaration will *never* be made available for other than *in camera* review. *See, e.g., In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F.Supp.2d 83, 88 (D.D.C. 2008) (distinguishing between release of records during an on-going investigation as opposed to after the completion of an investigation, but also recognizing that any first amendment right of access to warrant materials might be permanently trumped by the government's ability to show "a compelling interest in keeping the materials secret[ ]").

### III. CONCLUSION

Accordingly, with that caveat, the Court **ACCEPTS** the recommendation to permit the government to re-file under seal its declaration in support of Doc. No. 11. Therefore, Doc. No. 14 is **GRANTED**.

Further, although the initiating motion was referred to the Magistrate Judge for a report and recommendation, the Court is now of the view that the reference should be withdrawn to allow the Court itself to resolve the initiating motion in the first instance. The movants are directed to file their reply brief with respect to the initiating motion by April 19, 2010.[3]

**IT IS SO ORDERED**.

Dated: April 12, 2010

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**

---

[3] The Court acknowledges that the movants have argued that they cannot adequately reply without first seeing the declaration. However, any reply would necessarily be directed to the legal arguments in the opposition, which are undoubtedly the same regardless of the actual content of the declaration.